## J. B. TICHENOR, RESPONDENT, *v.* CLIFFORD COGGINS, APPELLANT.

ASSIGNMENT ACT OF 1878—ATTACHMENT DISCHARGED—INTERPLEADER.— Where the holder of a promissory note commenced an action on it against the maker, and attached his property, and afterwards the defendant assigned his property under the provisions of the assignment law of October 18, 1878, for the benefit of all his creditors, and the assignee, before judgment was obtained, filed a motion in the court for leave to interplead, in order to have the attachment dissolved, and the court denied such motion: *Held,* That under the code, the assignee was not authorized to interplead, and that it was not error in the court to deny the motion. *Held, further,* That in such case the attachment was discharged at the date of the assignment, by force of the assignment itself.

APPEAL from Curry County.

On the eighteenth day of November, 1878, the respondent commenced an action against Jason Springer & Co., on a promissory note executed and delivered by them, and made payable to the order of A. Crawford & Co., for one thousand one hundred and fifty dollars, which was duly indorsed and transferred to the respondent. Proceedings in attachment against the property of Jason Springer & Co. were commenced the same day, and on the twenty-first day of November, a large amount of real and personal property belonging to them was attached by the sheriff of Curry county, in which the action was pending. The defendants in the attachment being insolvent, made an assignment to the appellant, Clifford Coggins, of the greater portion of the property belonging to them which had been attached by the sheriff. The assignment was made for the benefit of all the creditors of the assignors, in pursuance of the act of the legislative assembly, entitled "An act to secure creditors a just division of the estates of debtors who convey to assignees for the benefit of creditors," approved October

18, 1878.   It was recorded in Multnomah county, where the business in respect of which the assignment was made was carried on, March 1, and in Curry county, on March 22, 1879.

On June 2, after default, but before judgment was en- -tered, Clifford Coggins, the appellant, filed a motion for leave to interplead in the action, for the purpose of moving to dissolve the attachment, for the reasons: 1. That the defendants in the attachment had made an assignment of their property for the benefit of all their creditors, etc.   2. That the affidavit for the attachment did not set forth sufficient grounds for an attachment, etc.

The court overruled the motion and refused to allow the appellant to interplead, and afterwards gave the respondent leave to amend the affidavit for attachment, etc.   On the fourth day of June, 1879, judgment for want of an answer was rendered against the defendant, Jason Springer.

*E. D. Shattuck, and Northup & Gilbert,* for appellant.

*E. W. McGraw,* for respondent.

By the Court, KELLY, C. J.:

The first assignment of error by the appellant is: That the court erred in denying the motion of Clifford Coggins, assignee of the defendants, Jason Springer and others, under the act of the legislature, entitled "An act to secure creditors a just division of the estate of debtors who convey to assignees for the benefi tof creditors," approved October 18, 1878, * * * for leave to interplead, and to move the court to dissolve the attachment issued in said cause on the nineteenth day of November, 1878.   Section 40, page 112, of the civil code, provides that "the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in."   Evidently this section of the code requires the issues between the original parties to an action to be determined as

they are presented for adjudication, unless by so doing the rights of others would thereby be prejudiced, and it is only when they can not be so determined that other parties can be brought in by the court. The object is to prevent, as much as possible, the multiplicity of issues to be tried in the same action, when it can be avoided without injury to others.

So, also, the right of persons, not parties to the action, to intervene, is circumscribed within very narrow limits, being confined to cases in which a bill of interpleader would have been permitted, under the former practice, to accomplish the same end, and, under our code, can only be exercised in actions for the recovery of specific real or personal property. While admitting that there is no special provision which would authorize the intervention of the appellant in this action, his counsel claim that under section 911, p. 289, of the civil code, the court in the exercise of its jurisdiction in relation to assignment for the benefit of creditors had authority, and ought to have allowed him to interplead in behalf of the creditors whose interests he represents. That section authorizes a court to use all the means necessary to carry into effect the jurisdiction conferred upon it by law. And where the mode of proceeding is not specifically pointed out, the court may adopt any suitable means conformable to the spirit of the code to accomplish that end. We do not, however, consider that the court was called upon to allow the appellant to interplead, in order to have the attachments dissolved, because none of his rights were prejudiced by the denial of the motion for permission to interplead. As the appellant was not a party to the action, nor allowed by the court to intervene in the proceedings to dissolve the attachment, he has lost none of his rights to the property which was attached by the respondent. Section 13 of the act approved October 18, 1878, empowers him to "sue for and recover, in the name of the assignee, everything belonging or appertaining to said estate." He can assert and maintain all his rights to the property attached, in a separate action or suit against all persons claiming it under the attachment adversely to him.

There is another reason why we consider there was no error of the court in refusing to allow the appellant to intervene for the purpose of filing a motion to dissolve the attachment. If the assignment of the property by the defendants to the appellant was legally made in accordance with the requirements of the act of October, 1878, no action or decision of the court was necessary to dissolve it, for it had already been discharged by operation of the assignment itself. The first section of the act declares that "such assignment shall have the effect to discharge any and all attachments on which judgment shall not have been taken at the date of such assignment." As the assignment in this case was made after the date of the attachment, and before judgment was taken, it discharged the attachment *proprio vigore*, by its own force, and it could not be revived by any subsequent action of the court. Interpleading, therefore, on part of the assignee, in order to protect the rights of the creditors, could have amounted to nothing and accomplished nothing.

We do not say whether the assignment was valid or invalid. We have not examined it, and that question is not before us. If the assignee shall hereafter bring an action to recover the property attached, or a suit to enjoin the sale of it, that matter will then properly come before the court for adjudication, and all parties interested in the controversy can be heard.

Having taken this view of the case, it becomes unimportant to examine any other assignment of error, and the decision of the court below is affirmed.