CASE 26.—ACTION OF FORCIBLE DETAINER BY BELLE
    STANSBERRY AGAINST ONE MOORE IN WHICH
    JULIA ATKINSON SOUGHT TO INTERVENE.—
    January 8.

## Atkinson, &c., v. Stansberry

Appeal from Lawrence Circuit Court.

M. M. REDWINE, Circuit Judge.

Judgment for plaintiff.   Defendants appeal.—Affirmed.

1.  Parties—Intervention—Issues Involved.—The issue involved
    in an action of forcible detainer being the right of possession,
    and not of title to the property, a third person, claiming to
    be the owner of the property, is not entitled to intervene
    for the purpose of trying such title.
2.  Forcible Entry and Detainer—Appeal and Retrial.—On a
    traverse of the findings in an action of forcible detainer, the
    circuit court is confined to the issues tried in the inferior
    court.
3.  Landlord and Tenant—Estoppel to Dispute Landlord's Title.—
    The tenant of a building must restore the same to his lessor
    at the expiration of the lease, without regard to the lessor's
    title to the land on which the building stands.

C. B. WHEELER and G. W. SKAGGS for appellants.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Belle Stansberry was in possession of a storehouse
in Lawrence county, which her former husband had
built under some sort of agreement with the owner of
the land by which he was to have its use for an indef-

inite time. The widow Stansberry, after the death of her husband, continued to conduct the store in the building. She sold the stock of merchandise to appellant Moore and rented the building to him for a year. He took possession under her lease and paid her the rent for a year. At the end of his term he refused to pay further rent to appellee, or to surrender to her the possession of the house. Instead he attempted to attorn to Mrs. Atkinson, who claimed to be the owner of the land on which the building is situated. Appellee brought this proceeding of forcible detainer against Moore, which resulted in a verdict of guilty. Moore traversed the finding in the country. In the circuit court appellant Julia Atkinson offered her petition to be made a party to the suit, alleging that she was the owner of the land on which the house was situated and that Moore was her tenant. The circuit court refused to allow Mrs. Atkinson's petition to be filed, or to make her a party to the suit. This we think was correct. An action of forcible detainer is not to try title, but right of possession only, and that as between a landlord and his tenant, or undertenant. The circuit court, upon a trial of the traverse, must try the same case as was tried in the country.

On the trial in the circuit court the verdict was for the traversee. Appellants complain of it, in addition to the ground which we have just discussed, because they allege, as appellee did not own the land, or any interest in it, the house, though belonging to her, was only a chattel, which is not the subject of an action for forcible detainer. From the nature of the case the court could not in this proceeding look into the title of appellant Moore's landlord; for as between them, and they are the only proper parties to this suit, the tenant is estopped to deny his landlord's title

to the realty. Whether it was a freehold or a leasehold, it was immaterial to him. Having got from her the possession of the lot by admiting her title to it, when his tenancy expired, her claim being the same as when he rented, he must restore what he had got from the landlord. This was the whole case; and it was that simple issue alone which was submitted, and properly submitted, to the jury. This does not affect Mrs. Atkinson's title, if she has any, nor determine in any manner the rights of appellee as between her and Mrs. Atkinson.

Judgment affirmed.