CHARLES K. FANKHAUSER, Plaintiff, *v.* L. RAY SMITH and Others,
Appellants.
STEPHEN F. BRIGGS, Respondent.

First Department, March 2, 1928.

**Parties — intervention of new party plaintiff — action was brought to
recover commissions — respondent alleges that he is interested in
subject of action, within meaning of Civil Practice Act, § 193, subd.
3 — interest not shown — intervention denied.**

This action was commenced in 1916 to recover commissions on the sale of certain
property. The claim was resisted, but in 1917 a settlement was effected and
a stipulation of discontinuance and a general release were signed. The respond-
ent seeks to intervene in the action as a party plaintiff on the ground that he
has an interest in the subject of the action within the meaning of subdivision
3 of section 193 of the Civil Practice Act.

The order permitting respondent to intervene was improperly granted. The
respondent's moving papers show that he had a half interest in the commissions;
that he was not openly connected with the transaction for personal· reasons
and that for the same reasons he was not a party to the action to recover
the commissions; that the settlement of the original action was concealed from
him until 1919 and at that time the plaintiff misrepresented the amount he
had received on the settlement and the respondent settled with him on that
basis by accepting notes which were never paid. It also appears that while
the action was at issue and before settlement respondent took part in effecting
a settlement, thereby, of course, representing that the plaintiff was the sole
owner. The defendants deny any knowledge of the respondent's interest in
the claim at the time of settlement thereof.

Under the circumstances, to admit the respondent as a party plaintiff would raise
collateral issues, for the question would then be presented as to the alleged fraud
of the plaintiff and defendants in making a settlement.

Furthermore, the respondent is estopped since admittedly he held the plaintiff
out to the defendants as the sole party interested in the contract and as the
one authorized to prosecute the suit and compromise the same.

MARTIN, J., dissents.

APPEAL by the defendants from an order of the Supreme Court,
entered in the office of the clerk of the county of New York on
the 6th day of July, 1927.

*Martin Conboy* of counsel [*David Asch* with him on the brief;
*Griggs, Baldwin & Baldwin*, attorneys], for the appellants.

*Jacob Gould Schurman, Jr.*, of counsel [*Alanson W. Willcox* with
him on the brief; *Hughes, Schurman & Dwight*, attorneys], for the
respondent.

O'MALLEY, J. This action was instituted in 1916 by the plain-
tiff, Fankhauser, against L. Ray Smith and other individual

defendants, to recover commissions for negotiating the sale of a corporation which the defendants owned and controlled. He sued for the sum of $315,000.

The defendants resisted the claim, but in 1917, while the action was at issue, Fankhauser and the defendant L. Ray Smith, on behalf of himself and the other defendants, made a settlement for the sum of $175,000. A stipulation of discontinuance was signed, and an order of discontinuance drawn, but not entered. The general release given by Fankhauser not only released the defendants from any claim he had, but also " anyone connected with me or acting for and in my behalf."

The respondent Briggs in 1926 made application to intervene as a party plaintiff and to serve a proposed complaint upon the ground that he has " an interest in the subject " of the action. His motion was granted. His moving papers show that he had a half interest in the commissions; that it was he who suggested to the defendants the possibility that they might by a reorganization of the corporation sell it to advantage; that he introduced the defendant L. Ray Smith, who was acting on behalf of all defendants, to Fankhauser, and the contract between Fankhauser and the defendants resulted; that he contributed $13,000 to the joint adventure; that it was decided for reasons personal to the respondent Briggs that it should be conducted in the name of Fankhauser and that the suit for commissions should also, by consent, be instituted in his name; that the settlement was concealed from him not only by Fankhauser, but by the defendants, until the year 1919, when he learned from Fankhauser that the action had been settled. Fankhauser told him then that he had received $175,000, but falsely stated that he had expenses of $75,000, and that the net profits were only $100,000. Briggs then accepted Fankhauser's notes in the sum of $50,000, secured by some seemingly worthless collateral as his share of the profits. None of these notes has been paid except interest in the sum of $500.

It appears further that while the suit was at issue, Briggs had interceded with the defendant L. Ray Smith on behalf of Fankhauser for the purpose of effecting a settlement. At such time he made no disclosure of his interest in the claim and for all that appears, impliedly at least, represented that Fankhauser was its owner and authorized to prosecute it solely in his own behalf.

In 1926 Briggs learned for the first time that the defendants at the time of the settlement had been apprised of his half interest; that this was disclosed by Fankhauser to the defendants and that the defendant L. Ray Smith insisted that if the settlement be made it be concealed from Briggs and also from Fankhauser's attorneys;

that the payment to Fankhauser was not in cash but partly in Liberty bonds and drafts which did not require Fankhauser's personal indorsement.

Fankhauser makes affidavit in support of the motion. He substantiates Briggs in what it is claimed was disclosed at the time the settlement was made and the fact that the defendant Smith insisted that the settlement be concealed from Briggs. The proposed complaint alleges " that the collusive and fraudulent conduct of said Fankhauser and the defendants was intended and designed to permit them to fraudulently obtain the benefit " of Briggs' interest in the claim and cause of action and prevent him from realizing thereon and that their conduct in obtaining the stipulation of dismissal of the action was a fraud " calculated and designed to supply the means of inducing this court to dismiss the said action as having been disposed of by a *bona fide* settlement." The relief prayed for is that the purported release of the cause of action and the stipulation for dismissal in respect to the rights and interests of Briggs " be adjudged to have been fraudulently entered into and be set aside, cancelled and avoided; and that the impleaded plaintiff do have and recover of the defendants judgment for the amount of his one-half interest in the aforesaid claim and cause of action, to wit: the sum of $157,500," with interest from November 15, 1916.

The defendants deny knowledge of Briggs' interest in the claim at the time of the settlement. They assert that the reason the settlement was secretly made was that Fankhauser had creditors and desired that the settlement be concealed from them.

The appellants seek a reversal upon the ground that Briggs in the circumstances here disclosed was not entitled to the order of intervention. The question presented is whether Briggs has an interest in the subject of the action within the meaning of subdivision 3 of section 193 of the Civil Practice Act (as amd. by Laws of 1923, chap. 250). So far as material, it provides: " Where a person not a party to the action has an interest in the subject thereof,   *   *   *   and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

We think the decision of the Court of Appeals in *Bauer* v. *Dewey* (166 N. Y. 402) is decisive of the question. The precise provisions of the statute quoted were originally contained in section 452 of the Code of Civil Procedure and were construed in the case cited. The facts there were quite similar. The plaintiff, as assignee of one Diamond, sued to recover broker's commissions. Delack made a motion to intervene and to serve a supplemental summons and

complaint upon the ground that he was entitled to one-half of the commissions. He alleged that the release of his claim against Diamond had been induced by the latter's fraud. His right to intervene upon the ground that he had " an interest in the subject " of the action was sustained by the Special Term and the Appellate Division. The Court of Appeals reversed and after considering the authorities, and particularly *Chapman* v. *Forbes* (123 N. Y. 532), said: " Moreover, it is evident that the court had no intention of overruling or modifying it, or to hold otherwise than that in an action at law, where the plaintiff seeks a money judgment only, he cannot be compelled to bring in parties other than those he has chosen. This case very well illustrates the effect of permitting parties to intervene in such actions. If Delack were permitted to become a party to the action, other issues than those involved between the plaintiff and the defendant would be presented. Instead of its being an action merely to determine whether the defendant was indebted to the plaintiff, and if so, the amount, it would be transformed into an action involving not only that issue, but the fraud of the plaintiff's assignor and in effect constitute an action to set aside a receipt or paper signed by Delack. We are of the opinion that section 452 furnishes no authority for such an order."

That case is sought to be distinguished upon the ground that the plaintiff there resisted the application, while here the plaintiff Fankhauser consents. It is urged, therefore, that the case is authority for the proposition only that a plaintiff in an action at law may sue whomsoever he pleases. We think the distinction attempted to be drawn is not sound. The *Bauer* case seems to rest upon the broad principle that Delack had no interest in the subject of the action as it stood when he sought to intervene. His presence would have interjected " other issues than those involved between the plaintiff and the defendant."

Here the same situation confronts us. The issue as originally presented was Fankhauser's right to recover commissions. With the respondent admitted into the action, the alleged fraud of Fankhauser and of the defendants in effecting settlement and executing the release would be presented, for it is sought to have the release avoided. With the merits of these issues if presented in some other action we are not now concerned. It is sufficient to decide that they have no proper place here.

*Bulova* v. *Barnett, Inc.* (194 App. Div. 418), relied upon by respondent, is easily distinguishable. There the fact whether plaintiff, an alleged assignee, had any right or title in the claim sued on, was at issue, and the alleged assignor, who also disputed

the assignment, and claimed sole title, was permitted to intervene. Here Fankhauser was concededly at all times vested with a one-half interest in the suit, and so far as the defendants are concerned, must be deemed to have been vested with full title.

We think the principle of estoppel applies. Briggs admittedly held Fankhauser out to the defendants as the sole party interested in the contract with them and as the one authorized to prosecute suit. Thus clothed with power, the defendants had the right to effect settlement with Fankhauser if they could. In fact, Briggs himself sought to bring about such settlement by interceding with the defendants in Fankhauser's behalf. Nor does the former appear to have complained about the fact of settlement or its amount. He was willing to adjust with Fankhauser on the basis of $175,000, and if he had received one-half of this sum he no doubt would have been fully satisfied. It was only after Fankhauser's default on the notes and the discovery by Briggs of Fankhauser's fraud that he, for the first time, claimed that he had an interest in the subject of the action, or questioned the amount of the settlement.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH and McAVOY, JJ., concur; MARTIN, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.