Argued December 15, 1937; affirmed January 18; rehearing denied
February 15, 1938

# BRUNE *v.* McDONALD

(75 P. (2d) 10)

Department 1.

*John F. Reilly*, of Portland (Wilson & Reilly and Thomas S. Wilson, all of Portland, on the brief, for appellant.

*Glen R. Jack*, of Oregon City (Butler & Jack and George L. Hibbard, all of Oregon City, on the brief), for respondent.

KELLY, J.  On November 6, 1936, plaintiff, Evelyn Brune, instituted this action against defendant, Ted McDonald.

It appears from the original complaint of plaintiff that on the 16th day of August defendant was driving his automobile, with plaintiff as his guest therein, in a northerly direction, traveling from the Clackamas County side of Mount Hood on the Mount Hood Loop road, toward Hood River, and that, when in the vicinity of Van Horn, defendant drove his automobile off the highway, along the edge thereof, across a culvert, through a fence and into a tree, causing injuries to plaintiff.

To support the charge of gross negligence on defendant's part, plaintiff specifically alleged in her original complaint that defendant operated his automobile at an excessive rate of speed, failed to keep his automobile under control, failed to maintain a proper lookout and failed and neglected to heed plaintiff's remonstrance against defendant's maintenance of such excessive speed.  In said original complaint plaintiff also alleged that, prior to said accident, defendant had imbibed alcoholic liquor, and, in the face of plaintiff's positive opposition thereto, drank excessively of alcohol.

On the 19th day of December, 1936, an amended complaint was filed from which reference to defendant's use of alcohol was omitted.

On the ninth day of January, 1937, said Pacific Indemnity Company procured an order granting said company leave to file a complaint in intervention herein.

On the 15th day of January, 1937, said Pacific Indemnity Company filed its complaint in intervention, in which said company alleged its corporate capacity and that it had executed and delivered to defendant herein a policy of insurance, in force and effect on the 16th day of August, 1936, and for more than one day thereafter, wherein and whereby it insured defendant against loss by reason of the liability imposed by law upon him for damages on account of bodily injuries suffered or alleged to have been suffered by any person other than his employees as a result of the ownership, maintenance or use for pleasure purposes of the automobile referred to in the amended complaint herein, subject to a limitation to the sum of $5,000 for bodily injuries sustained by any one person.

That in and by said policy of insurance it was provided in part as follows:

"The Assured, whenever requested by the Company, and at the Company's expense, shall aid in securing information and evidence and the attendance of witnesses, and shall, upon notice from the Company, personally, attend the trial of any issue arising out of any such legal proceeding and shall cooperate with the Company (except in a pecuniary way) in all other matters which the Company deems necessary in the defense of any suit, or in the prosecution of any appeal. The Assured may, at the Assured's own cost, have the Assured's attorneys participate in the defense of any suit or in the prosecution of any appeal."

"This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, false statements, or false swearing by the Assured touching

any matter relating to this insurance or the subject thereof, whether before or after a loss.''

The intervener, in its complaint in intervention, alleges:

"IV. That on the 16th day of August, 1936, while plaintiff and defendant were riding in the automobile described in said policy, in the County of Hood River, State of Oregon, said automobile left the road and was wrecked and plaintiff sustained certain injuries therein, the exact nature and extent of which are unknown to this intervenor.

"V. That prior to the trip during which said accident occurred plaintiff and defendant were and had been for a long time intimate friends and associates, frequently in the company of each other, and on frequent parties together, at which intoxicating liquors were consumed, and in the consumption of which both participated, and that plaintiff was well aware of the habits of defendant with respect to the use of intoxicating liquor.

"VI. That on the afternoon of Sunday, August 16, 1936, plaintiff and defendant embarked upon a pleasure trip around the Mount Hood Loop Highway, taking with them a bottle of intoxicating liquor for consumption during the trip, and they did from time to time during said trip jointly participate in drinking said intoxicating liquor and at Government Camp on said highway jointly engaged in drinking other intoxicating liquor with other persons.

"VII. That after said accident defendant gave to this intervenor several conflicting stories about the occurences leading up to said accident, at first alleging that, while he was operating his automobile carefully and at a moderate speed, it was forced from the highway by another automobile, and then later that both plaintiff and defendant had consumed a considerable quantity of intoxicating liquor on the trip and that the accident occurred because of a momentary lapse of attention on his part while the automobile was being operated at a moderate speed; later plaintiff and defendant learned that there could be no recovery under

said policy on such allegations and then connived and conspired with each other to mulct this intervenor of damages under said insurance policy and to that end jointly agreed that plaintiff should file an action against defendant for damages on account of her personal injuries and should allege that at the time of the accident defendant was grossly intoxicated and operating his automobile at a grossly high rate of speed and that defendant should represent to this intervenor that such charges were true and should deny to this intervenor that plaintiff participated in any of the drinking done on the trip, or knew that defendant was or was becoming intoxicated, thereby presenting an appearance of liability on the part of the defendant to plaintiff where none in truth and in fact existed, and with the intent of defrauding this intervenor of a substantial part of the face of said insurance policy.

"VIII. That in pursuance of said conspiracy plaintiff caused a complaint to be filed in this cause wherein she made the charges heretofore referred to against defendant and defendant thereupon represented to intervenor that said charges were all true, and further represented that the plaintiff did not participate in the drinking of any liquor on said trip, that plaintiff was not aware that he was or was becoming intoxicated and was not aware of his habits respecting intoxicating liquor because of his peculiar ability and capacity to imbibe large quantities of intoxicating liquor without other persons being aware of the fact, all of which representations made by the defendant were false and known by him and by plaintiff to be false and were made in accordance with their joint agreement to deceive and defraud this intervenor.

"IX. That by reason of the matters aforesaid said policy of insurance is void as to the accident in which plaintiff was injured and neither plaintiff nor defendant should be permitted to look to said policy in equity and in good conscience for any reimbursement or damages growing out of said accident; that plaintiff and defendant are planning to procure the entry of a judgment in favor of plaintiff and against defendant for

a sum equal to the face of said policy but have agreed that plaintiff will look solely to this intervenor for the payment of said judgment and will make no attempt to collect any part of said judgment from defendant; that plaintiff will, unless restrained by this Court, procure a judgment to be entered against defendant and will then delay action on said policy of insurance until just prior to the expiration of the period of limitation applicable thereto, by which time the witnesses to establish the facts concerning said accident and said conspiracy of plaintiff and defendant, and the fraud perpetrated on defendant, will have scattered and be unavailable.

"X. That this intervenor has no plain, speedy or adequate remedy at law.

"WHEREFORE, this intervenor prays that plaintiff and defendant be enjoined from the prosecution of this action, that this action be transferred to the equity side of this court and a determination had of the respective rights of the parties with relation to the policy of insurance hereinbefore referred to; that on such determination it be decreed that said policy is void as respects the accident in which plaintiff was injured because of the fraud of plaintiff and defendant as hereinbefore alleged and that plaintiff and defendant be perpetually enjoined from prosecuting any action against this intervenor on said policy growing out of said accident and that this intervenor have and recover of and from plaintiff and defendant its costs and disbursements herein."

The question here is whether said complaint in intervention states facts sufficient to warrant the court in granting the relief sought by the intervener, which is an injunction restraining the prosecution of plaintiff's cause of action until it can be determined whether defendant has breached the terms and conditions of said policy of insurance, as alleged by intervener.

■ The view usually expressed by the courts is that originally, in jurisdictions in which the common law

prevailed, intervention was unknown except that it was in use to some extent in the ecclesiastical courts, and that apparently it is derived from the civil law. Therefore, in common-law jurisdictions intervention is usually regarded as of purely statutory origin: 47 C. J. Subject: Parties, pp. 94, 95, § 186, and authorities there cited.

Under the facts of the instant case, there is no reason for taking the view that the statute upon the subject of intervention is not controlling. That statute is as follows:

"Intervening parties. Intervention defined.—At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene in the suit, action or proceeding. Intervention takes place when a third person is permitted to become a party to a suit, action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the suit, action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it within ten days from the service thereof, if served within the county wherein said suit, action or proceeding is pending, or within twenty days if served elsewhere." § 1-315, Oregon Code 1930, pp. 235-236.

■ The generally accepted rule is that the right or interest which will authorize a third person to intervene must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation of the judgment: *Smith v. Gale*, 144 U. S. 509 (12 S. Ct. 674, 36 L. Ed. 521); and cases cited in Note 89, § 195, p. 101, 47 C. J. Subject: Parties.

A view more favorable to the right to intervene is reflected in the cases cited in Note 88, ibid.; but none of these cases are similar to the instant case.

It is obvious that the direct legal operation of the judgment in the case at bar would not cause intervener either to gain or lose anything.

It is equally apparent that the complaint in intervention herein tenders an entirely new and different issue from those of the complaint.

■ "The courts have always striven to maintain the integrity of the issues raised by the original pleadings, and to keep newly admitted parties within the scope of the original suit. *　*　* The injection of an independent controversy by intervention is improper." 21 C. J. Subject: Equity, p. 343, § 341, citing *Shepard v. New Jersey Cons. Water, etc. Co.* 73 N. J. Eq. 578 (74 Atl. 140); *Mountain Grove Creamery, etc. Co. v. Willow Springs Co.* (Mo. A.) 202 S. W. 1054. See also *Atkinson v. Stansberry,* 131 Ky. 249 (114 S. W. 1196); *Bauer v. Dewey,* 166 N. Y. 402 (60 N. E. 30); *Fankhauser v. Smith,* 223 App. Div. 35, 227 N. Y. S. 373; *Lewis v. Lewis,* 28 Minn. 428 (10 N. W. 586).

■ It will be noted that the intervener does not seek to interpose an answer to the complaint of plaintiff upon the merits of her alleged claim at law. Tested by a demurrer, the clause, "thereby presenting an appearance of liability on the part of the defendant to plaintiff where none in truth and in fact existed," does not constitute a statement of any defense to plaintiff's legal demand against defendant.

The relief sought by intervener is equitable. Intervener prays for an injunction restraining the further prosecution of plaintiff's action against defendant, until it can be determined whether the intervener would be liable to defendant upon its policy of insurance in case plaintiff should secure a judgment against defendant herein.

The reason assigned for seeking this relief is that by the time the judgment, if any, is procured by plaintiff against defendant, and proceedings are instituted to recover on intervener's policy, the intervener's witnesses to the alleged conspiracy will have become scattered and difficult, if not impossible, to procure, and that intervener will be confronted by a woman claimant whose femineity will render it much harder for intervener than if the same issue should be tried before plaintiff's claim against defendant has been adjudicated.

No case has been cited wherein such a procedure as intervener seeks to establish has been approved. The cases cited by intervener deal with sureties and with parties in interest who have been omitted in the original proceeding.

The policy of the courts generally has been to deal with the insurer in such a case as this as not being a party in interest and on the trial to guard against any willful reference to such insurer or to the fact that defendant is insured.

In this case we are called upon to declare that the insurer *is* a party in interest.

In giving effect to the allegations of the complaint in intervention we must assume that in case plaintiff prevails against defendant, the intervener will not be liable to defendant in any sum on that account. No liability on intervener's part could result in case defendant prevailed. We think that the supposed embarrassment which intervener alleges it will suffer by reason of the lapse of time necessary to determine this action at law, before the question of the validity or non-validity of intervener's policy of insurance can be presented, is not such an interest as the statute above quoted includes.

Intervener calls attention to section 1-314, Oregon Code 1930:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in."

As stated by Mr. Justice ROSSMAN:

"It will be observed that the controversy to which additional parties may be added is thus described in the foregoing section of our code: 'the controversy.' The controversy means the action pending before the court when the motion to add additional parties is filed: Tichenor v. Coggins, 8 Or. 270; Ladd & Tilton Bank v. Rosenstein, 122 Wash. 301 (210 P. 677); Bancroft Code Pleading, § 571." *Continental Guar. Corp. v. Chrisman,* 134 Or. 524 (294 P. 596).

The controversy before the court, when the complaint in intervention was filed, was based upon a charge by plaintiff against defendant of gross negligence constituting the proximate cause of personal injury to plaintiff whereby plaintiff suffered damages in the amount demanded. It is obvious that this controversy may be completely determined without any reference to intervener's policy of insurance. Certainly an invalid, void policy of insurance could not in any way affect the issues tendered in plaintiff's complaint.

Our attention is also called by the intervener to section 28-1715, Oregon Code 1930:

"When jurisdiction is, by the organic law of this state, or by this Code or any other statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specifi-

cally pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." Vol. 2, Oregon Code 1930, p. 2524.

Based upon the foregoing sections of the Oregon Code, the intervener suggests that, if there be any doubt of the right of the intervener to have its claims tried out in equity, it lies within the power of the court to direct that this procedure be adopted in this instance.

We cannot find any constitutional or statutory authority granting jurisdiction to any court to restrain the prosecution of a claim for damages at the instance of an insurance company on the ground that a policy issued by that company to the defendant has been invalidated after its issuance with reference to plaintiff's claim.

The case of *Allegretto v. Oregon Auto Ins. Co.*, 140 Or. 538 (13 P. (2d) 647), is an action by a judgment creditor of the assured against defendant's insurance carrier. Before the institution of that action, plaintiff's claim for damages had been prosecuted in another action to judgment against the assured.

*Massachusetts Bonding & Insurance Co. v. Anderegg*, 83 Fed. (2d) 622, is a suit based upon fraud in the procurement of an insurance policy, the policyholders only being parties defendant.

We hold that no error was committed by the circuit court in sustaining plaintiff's demurrer to the complaint in intervention.

The judgment of the circuit court is affirmed.

BEAN, C. J., and ROSSMAN and BELT, JJ., concur.