Argued September 9, affirmed October 7, petition for
rehearing denied November 4, 1959

HANNON, INTERVENOR-APPELLANT, *v.* UNION
HIGH SCHOOL DISTRICT NO. 2, *v.*
LaCLAIR ET UX

344 P. 2d 769

*Walter P. Hannon,* Medford, argued the cause and filed a brief in propria persona.

*Wilson S. Wiley,* Klamath Falls, argued the cause and filed a brief for respondent Union High School District No. 2 of Klamath County, Oregon.

No argument was made nor brief filed for respondents LaClair.

Before McAllister, Chief Justice, and Rossman, Perry and Redding, Justices.

PERRY, J.

The plaintiff Union High School District No. 2 of Klamath County, Oregon, commenced this suit against the defendants J. V. LaClair and B. M. LaClair, husband and wife, to quiet title to certain property in Klamath County, Oregon, purchased by the Union High School District from the defendants LaClair. Walter P. Hannon, a resident and taxpayer of the district, sought to and was permitted to intervene in the proceedings. His complaint filed therein alleged, in general, that the School District when it purchased this property of the LaClairs on October 28, 1954, because of collusion between the directors of the school district and the LaClairs, paid a sum grossly in excess of the fair market value and that the purchase of said property from the defendants was in violation of ORS 332.230, because J. V. LaClair was then an employe of the said School District; that unless such transaction was declared void and set aside the unlawful acts of the School District would increase the burden of taxation in the district. The prayer of his complaint asks the court to decree that the contract between the La-Clairs and the School District is void, and that the LaClairs be required to make restitution to the School District of all moneys paid to them for the purchase of their property.

For convenience in this opinion we will refer to Walter P. Hannon as intervenor; to Union High School District No. 2 as plaintiffs; and to J. V. LaClair and B. M. LaClair as defendants.

The first question presented is, Did the trial court err in permitting Hannon to intervene?

Intervention was unknown to the common law and is a creature of the statutes. *United States v. Widen*, DC, 38 F2d 517.

ORS 13.130, which permits intervention in this state, provides as follows:

"At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene. Intervention takes place when a third person is permitted to become a party to a suit, action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant. Intervention is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it within 10 days from the service thereof, if served within the county wherein the suit, action or proceeding is pending, or within 20 days if served elsewhere."

This statute specifically provides that only those who have an interest in the matter in litigation may by leave of the court intervene.

In *Brune v. McDonald*, 158 Or 364, 370, 75 P2d 10, in discussing the interest necessary in the matter in litigation, we said:

"The generally accepted rule is that the right or interest which will authorize a third person to intervene must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation of the judgment: Smith v. Gale, 144 U.S. 509 (12 S. Ct. 674, 36 L. Ed.

521); and cases cited in Note 89, § 195, p. 101, 47 C. J. Subject: Parties."

Under a statute very similar to ours, the California Supreme Court in *Horn v. Volcano Water Co.*, 13 Cal 62, 69, 73 Am Dec 569, 570, a pioneer case, stated:

"The interest mentioned in the statute, which entitles a person to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. The provisions of our statute are taken substantially from the Code of Procedure of Louisiana, which declares that, 'in order to be entitled to intervene, it is enough to have an interest in the success of either of the parties to the suit'; and the Supreme Court of that state, in passing upon the term 'interest,' thus used, held this language: 'This, we suppose, must be a direct interest, by which the intervening party is to obtain immediate gain, or suffer loss, by the judgment which may be rendered between the original parties; otherwise, a strange anomaly would be introduced into our jurisprudence of suffering an accumulation of suits in all instances where doubts might be entertained, or enter into the imagination of subsequent plaintiffs, that a defendant against whom a previous action was under prosecution might not have property sufficient to discharge all his debts. For as the first judgment obtained might give a preference to the person who should obtain it, all subsequent suitors, down to the last, would have an indirect interest in defeating the action of the first.' Gasquet v. Johnson, 1 La. 431. To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of litigation."

It is quite clear that this taxpayer has no interest

in whether the title to the land in question lies in the School District or the defendants. His sole interest and right lies in an action to set aside the contract of sale and recover the moneys he alleges were fraudulently or unlawfully expended. *Gosso v. Riddell*, 123 Or 57, 261 P 77; *Carman et al v. Woodruff et al.*, 10 Or 133.

A mere determination that the present fee simple title was held by either the defendants or the plaintiff would in nowise affect the rights of the intervener.

It is also apparent from what has been said that the complaint in intervention tenders entirely new and different issues than those set forth in the plaintiff's complaint, and this the courts will not permit. *Mursener v. Forte et al.*, 186 Or 253, 205 P2d 568; *Brune v. McDonald*, supra.

The trial court exceeded its judicial discretion in permitting Mr. Hannon, as a taxpayer, to intervene, and, therefore, this Court will not consider the issues raised therein on appeal.

The decree of the trial court quieting the title to the real property in the School District is affirmed.

Neither party shall recover costs in this Court.