Argued and submitted January 19, affirmed April 27,
reconsideration denied June 4,
petition for review denied July 14, 1981 (291 Or 309)

# ACKERLEY COMMUNICATIONS, INC.,
## *Appellant,*
### *v.*
# MT. HOOD COMMUNITY COLLEGE,
## *Respondent.*

### (No. A8001-00170, CA 16907)

627 P2d 487

Donald Joe Willis, Portland, argued the cause for appellant. With him on the briefs were Elizabeth K. Reeve and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Patric J. Doherty, Portland, argued the cause for respondent. With him on the brief was Rankin, McMurry, Osburn, VavRosky & Doherty, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

Plaintiff brought this suit to enjoin defendant (a public entity) from removing or damaging plaintiff's advertising signboard, which is located on defendant's parking lot, until defendant makes relocation payments or provides other benefits to plaintiff pursuant to ORS 281.045 *et seq.* (the state Act) and the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (42 USCA § 4601 *et seq.*) (the federal Act). A temporary restraining order was issued. After trial, the court terminated that order and denied relief to plaintiff. Plaintiff appeals. We affirm.

In 1969, plaintiff's predecessor as lessee and defendant's predecessor as lessor entered into an agreement for location of the sign on what is now defendant's property. The lease provided that it was to be in effect for a ten-year term ending in June, 1979, and was to

> "* * * continue in force after the term thereof from year to year, unless terminated at the end of such term or any additional year thereof, upon written notice of termination by Lessor or Lessee, served not less than thirty days before the end of such term or additional year."

In April, 1977, defendant purchased the property for use as a parking lot and demanded that plaintiff remove the sign. Plaintiff responded that removal of the sign would give rise to an obligation by defendant to accord rights to it under the state and federal Acts. The sign remained in place while more correspondence was exchanged by the parties. In November, 1977, defendant informed plaintiff by letter that the

> "* * * sign can remain at the present location without interfering with the parking lot, leaving the expiration of the rental agreement as is."

As far as the record shows, defendant gave plaintiff no other written notice to indicate that the lease would not be automatically renewed at the conclusion of the original ten-year term. At the end of that term, defendant demanded that plaintiff remove the sign and, when plaintiff failed to do so, defendant advised plaintiff that the sign would be disposed of. Plaintiff then brought this suit.

■ ■  Defendant argues, and the trial court concluded, that when, as here, a lessee's right to maintain trade fixtures on leased property ends because the lease expires, rather than because of the public acquisition of the property, the lessee is not entitled to benefits or assistance under the federal or state Acts. Plaintiff's arguments are complex. Reduced to essentials, however, plaintiff appears to make two points: first, that the defendant's acquisition of the property in 1977 gave rise to plaintiff's rights under the Acts, notwithstanding plaintiff's continued maintenance of the sign on the property pursuant to the lease; and, second, that defendant did not give adequate notice to prevent the automatic extension of the lease, and the lease is therefore still in force.[1]

■■■  Plaintiff's first argument does not survive the definitional provisions of the state and federal Acts. ORS 281.045(1) states:

> " 'Displaced person' means any person who on or after September 13, 1975, moves, or is required to move his or her residence and personal property incident thereto, or his or her business or farm operation *as a result of:*
>
> "(a)  *Acquisition* of the real property, in whole or in part, *by a public entity;* or
>
> "(b)  *Receipt of a written order* by such person *from a public entity to vacate the property* for public use." (Emphasis added.)

To the same essential effect, *see* 42 USCA § 4601(6). We discern no claim to benefits or assistance which plaintiff could make under the Acts if plaintiff is not a "displaced person." *See* ORS 281.060; 42 USCA § 4622. We conclude that, if the sign was maintained on the property through the time the lease expired, the removal of the sign was not

---

[1] Neither party argues that ORS 281.085 provides an exclusive administrative remedy for the recovery of relocation assistance or benefits and that the trial court therefore lacked jurisdiction to consider the issue in this proceeding. *See Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* 276 Or 555 (1976); *School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973). We are required to consider jurisdictional issues on our own motion even though the parties do not raise them. We conclude here that the trial court had jurisdiction over this *injunction* suit. Because of our disposition of the case, we need not decide whether the trial court could have entered any order purporting to require that relocation benefits or assistance be provided.

required as a result of defendant's acquisition of the property or as a result of a written order to vacate the property and plaintiff therefore would not be a "displaced person." Although defendant did demand that plaintiff remove the sign at the time defendant acquired the property, that demand was not complied with and, ultimately, was expressly withdrawn by defendant pending expiration of the lease. We do not understand the federal or state Acts to provide for relocation benefits for property where the legal right to maintain it at the location has terminated.[2]

■    The remaining question is whether the lease did expire at the end of the original term in 1979, or whether, as plaintiff contends, the lease remains in force because defendant failed to give plaintiff the necessary notice to prevent the lease from automatically extending.

As noted earlier, defendant's November, 1977, letter advised plaintiff that the sign could remain in place, "leaving the expiration of the rental agreement as is." The trial judge does not appear to have made an express finding or conclusion as to whether that notice was sufficient to prevent automatic extension of the lease (although, of course, his determination is implicit). We review de novo and conclude that the language of the letter is ambiguous: The words "leaving the expiration * * * as is" could refer (1) to the 1979 expiration date of the original term or (2) to the expiration provision itself, with its requirement that there be a notice of termination to prevent automatic extension from year to year. If the first meaning were intended, the 1977 letter itself would constitute the necessary notice; if the second meaning were intended, a subsequent notice would have been necessary to end the lease.

Because of the ambiguity, we must decide as a question of fact what the intended meaning of the letter

---

[2] Plaintiff also argues that, whether or not it is a "displaced person," defendant was required by ORS 281.060(3) and 42 USCA § 4652 to acquire the sign at the same time it acquired the parking lot property. The cited federal provision imposes such a requirement only when the head of the acquiring agency "requires [the structure] to be removed from such real property or * * * determines [that the structure] will be adversely affected by the use to which such real property will be put." Here, there was no such requirement or determination prior to the expiration of the lease term. The cited provision of the state Act simply incorporates the federal provision by reference.

was. We find that the parties treated the lease as being effectively terminated at the end of the original term in 1979. Plaintiff's counsel filed an affidavit in the trial court, which states in part:

"Attached to this Affidavit are also a series of letters in chronological order which show the court among other things that the defendant upon first acquiring the property demanded the sign be removed and has consistently taken that position. The only thing defendant did do was at one point indicate they would not require the sign to be removed until a particular date, *but they did give notice that the automatic renewal portions of the leasehold would be terminated and the sign would have to be removed at that time.* Plaintiff's position from the beginning until now has been the same and plaintiff recognizes that it will be required to remove the sign * * *." (Emphasis added.)

Because plaintiff's claim for injunctive relief was based wholly on its contention that defendant could do nothing to the sign until defendant afforded plaintiff all benefits or assistance plaintiff was entitled to under the state and federal Acts, and because we conclude that plaintiff is entitled to none of the benefits or assistance it claims, it follows that the injunction was correctly denied.

Affirmed.