Argued and submitted April 2, affirmed November 12, 1986

RENDLER et al,
*Petitioners on Review,*

*v.*

LINCOLN COUNTY,
*Respondents on Review,*

*and*

The COMMITTEE TO SAVE YACHATS 804 TRAIL, INC.,
*Respondent on Review.*

(TC 41260; CA A32003; SC S32431)

728 P2d 21

Harold D. Gillis, Eugene, argued the cause and filed the petition for petitioners on review.

Nancy Craven, Lincoln County Legal Counsel, Newport, argued the cause for respondents on review, Lincoln County, et al.

Richard Benner, Portland, argued the cause for respondent on review, The Committee to Save Yachats 804 Trail, Inc.

Before Lent, Presiding Justice, and Linde, Campbell, Carson and Jones, Justices.

LINDE, J.

## LINDE, J.

Plaintiffs, landowners in Lincoln County, filed suit against the county for a declaration that an unimproved county road, known as "804," had been vacated or abandoned. The circuit court allowed The Committee to Save Yachats 804 Trail, Inc. ("the committee"), to intervene and to file a counterclaim for a declaratory judgment that County Road 804 continues to exist, that it is a "public easement by prescription," and that "the public has a prescriptive easement over any part of the pedestrian right of way not falling within the confines of County Road 804 and/or that the same has been impliedly dedicated to the public by plaintiffs and their predecessors in title." Intervenor also asked for injunctive and other relief. In an extensive opinion reviewing the evidence, the circuit court found that County Road 804 had been legally established in 1890, that it was not vacated by the location of another county road in 1916 or of a highway in the 1930's, and that the public by long and adverse use had acquired prescriptive rights in a pedestrian right of way that included portions of the original "804" and other segments on property outside the original "804," as described in detail in the court's judgment.

On appeal, the landowners challenged the standing of the committee to intervene in the case and to seek the declaratory relief granted by the circuit court; plaintiffs also appealed from the judgment on the merits. The Court of Appeals held that the committee had "representational standing" to intervene. It modified the judgment of the circuit court only by excluding from the prescriptive easement those portions lying within County Road 804. *Rendler v. Lincoln Co.,* 76 Or App 339, 348, 709 P2d 721 (1985). Plaintiffs filed a petition for review on the standing issue, which we allowed. We affirm the decision of the Court of Appeals.

In their brief on appeal and petition for review, plaintiffs correctly note that this court has not approved the definition of "representational standing" that the Court of Appeals derived from federal decisions concerning the existence of a "case or controversy" under Article III, section 2, of the United States Constitution.[1] *See Benton County v. Friends*

---

[1] The Court of Appeals followed its decision in *1000 Friends of Oregon v.*

*of Benton County,* 294 Or 79, 653 P2d 1249 (1982). In *Benton County,* we pointed out that the definition of parties and interests that qualify for different judicial remedies must be sought in statutes rather than in generalized notions of "standing" or federal cases interpreting Article III of the United States Constitution, and that a number of questions arise under the statutes when an organization appears in court to "represent" interests other than its own. 294 Or at 81-83. Accordingly, plaintiffs contend that intervenor did not meet the applicable statutory criteria to seek the declaratory judgment it won in the circuit court.

Because the issues differ significantly from those in other recent Oregon cases of "public interest" litigation, we asked the parties for supplementary memoranda. Their responses helped greatly to clarify and to resolve the issues, though in the nature of things not to the equal satisfaction of all parties.

Plaintiffs observe that unlike earlier cases, this case did not arise under the land use laws and does not involve standing to obtain review of governmental action. That distinguishes some precedents but does not lead to a particular conclusion. *Marbet v. Portland Gen. Elect.,* 277 Or 447, 561 P2d 154 (1977), and *Strawberry Hill 4 Wheelers v. Benton Co. Bd. of Comm.,* 287 Or 591, 601 P2d 769 (1979), also were not land use cases; nevertheless, individuals or groups qualified under the Administrative Procedure Act in *Marbet* and under the statutory writ of review in *Strawberry Hill 4 Wheelers,* as much as under the land use laws in *Jefferson Landfill Comm. v. Marion Co.,* 297 Or 280, 686 P2d 310 (1984), to seek judicial review of governmental proceedings in which they had been allowed to participate as interested parties. In the present case, the committee had not first participated in a governmental proceeding; it was allowed to intervene in a judicial proceeding between private plaintiffs and Lincoln County and to assert a counterclaim for a declaratory judgment against plaintiffs. Its standing to do so must be determined under the

---

*Multnomah Co.,* 39 Or App 917, 593 P2d 1171 (1979), and cited *Hunt v. Washington Apple Advertising Comm'n,* 432 US 333, 97 S Ct 2434, 53 L Ed 2d 383 (1977); *Warth v. Seldin,* 422 US 490, 95 S Ct 2197, 45 L Ed 2d 343 (1975); *Sierra Club v. Morton,* 405 US 727, 92 S Ct 1361, 31 L Ed 2d 636 (1972).

rule governing intervention, ORCP 33, and under the declaratory judgment law, ORS chapter 28, as plaintiffs say.

Intervention can be by unconditional right, ORCP 33B, or permissive, ORCP 33C. ORCP 33C provides:

"At any time before trial, any person who has an interest in the matter in litigation may, by leave of court, intervene. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

It was within the circuit court's discretion to let The Committee to Save Yachats 804 Trail, Inc., intervene if the committee could assert "an interest in the matter in litigation." Assuming that intervenor was properly admitted, it could seek a declaratory judgment contrary to that sought by plaintiffs if that would "terminate the controversy or remove an uncertainty." ORS 28.050.[2]

The continued existence of "804" was a matter in litigation between plaintiffs and defendants, and its existence might depend on a prescriptive easement if and to the extent that it might not be an established county road. In making this claim, intervenor did not inject an issue that was "entirely new and different" in a sense comparable to the insurer's effort to intervene in a personal injury action in *Brune v. McDonald,* 158 Or 364, 75 P2d 10 (1938).

Plaintiffs argue that any "interest" in the matter for purposes of the intervention rule was not personal to the committee or its individual members but belonged to the "public" by the very premises of a "public prescriptive easement" on which intervenor's claim rests. Therefore, they say, the committee and its members have no more standing to litigate that interest than a taxpayer had to litigate a public district's contract in *Gruber v. Lincoln Hospital District,* 285 Or 3, 588 P2d 1281 (1979), *cf. Union High Dist. No. 2 v. La Clair,* 218 Or 493, 344 P2d 769 (1959)(no taxpayer intervention in district's quiet title action to dispute district's purchase

---

[2] ORS 28.050 provides:

"The enumeration in ORS 28.010 to 28.040 does not limit or restrict the exercise of the general powers conferred in ORS 28.010, in any proceedings where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

of land), or a victim's parents had to litigate a governor's commutation of a death sentence in *Eacret v. Holmes,* 215 Or 121, 333 P2d 741 (1958). They cite prior decisions that persons who do not own land abutting a road may not contest its vacation or restrain others from blocking it unless they have a private need for access distinct from that of the public at large. *Lamford Lbr. Co. v. Lemons,* 206 Or 140, 289 P2d 684 (1955); *Bostwick v. Hosier,* 97 Or 125, 190 P 299 (1920); *Van Buskirk v. Bond,* 52 Or 234, 96 P 1103 (1908). At most, they contend, a citizen can seek enforcement of a public duty as relator in a mandamus proceeding in the name of the state, citing *Putnam v. Norblad,* 134 Or 433, 293 P 940 (1930).

■      Most of these decisions differ from the present case insofar as here the committee did not initiate this proceeding but only intervened in it, and in *Union High Dist. No. 2,* which also involved intervention, the intervenor claimed only a taxpayer's interest in the dispute between the parties. This returns us to the question whether the interest in a "public easement" claimed by the present intervenor is more particularized than a taxpayer's interest in an agency's performance of some tax-supported function, and therefore to the question of the nature of a "public easement." For the reasons that follow, we conclude that the interest of actual users of a public road alleged to exist by prescription suffices to support their intervention and claim for a declaratory judgment in a proceeding in which the governmental entity said to be responsible for that road also is a party.

We reach this conclusion without resolving all the "difficult and unsettled" questions about the nature of a "public prescriptive easement." *Multnomah Co. v. Union Pac. R.R.,* 297 Or 341, 353, 685 P2d 988 (1984). These include, among others, the question who or what entity becomes the legal holder of an easement created by prescriptive public use and, as the legal holder, is empowered to dispose of it. The question and its answer do not depend on old common-law fictions of a "lost grant" as distinct from the operation of statutes of limitations to establish an easement by adverse possession; rather, they concern the locus of responsibility for the location, maintenance, and disposition of a public road. The problem did not have to be faced in the many cases in which this court found that no prescriptive easement was established although theoretically it could have been. It is not

disputed in this case that "804," however and wherever it was shown now to exist, would be a county road. ORS 368.001 to 368.990.[3] Although the county took no position on intervenor's claims, it does not deny or decline responsibility for the prescriptive parts of the public road found by the circuit court.

One objection raised by plaintiffs is that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration," ORS 28.110, and that in this case "neither the state nor the members of the public were made parties to the suit, and the County was not a party to Intervenor's counterclaim against Plaintiffs for a public prescriptive easement." We agree that any governmental entity should be made a party to a declaratory proceeding if it would be responsible for the road (here the county) or for identifiable policies and programs that would be affected by the declaration. *Pike v. Allen International Ltd.*, 287 Or 55, 597 P2d 804 (1979). That is necessary if the concept of a "public" easement or road is to have an identifiable referent.

The committee, of course, intervened as organized "members of the public" asserting the alleged road by prescriptive use; the responsible governmental entities represent the other "members of the public" not otherwise appearing in the proceeding whom plaintiffs want to have made parties under ORS 28.110.[4] Plaintiffs, however, did not raise any objection based on noncompliance with ORS 28.110 in the Court of Appeals, and the county was and remains a party to the original proceeding with notice of the intervenor's claim

---

[3] The county cites the statute governing county acquisition of real property for road purposes, which states that "[n]othing in this section * * * [p]recludes public acquisition of any property interest by adverse possession or prescription" or "[r]estricts the ability of a public body to acquire an interest in property by any other method permitted by law." ORS 368.096(2)(b) and (c).

[4] Plaintiffs do not name any persons who should have been made parties as "members of the public." The circuit court included in its "decree" a prescriptive easement across two tax lots, 2100 and 3900 (and perhaps across some state-owned land), whose owners should have been made parties as such. The Court of Appeals modified the "decree" to remove the prescriptive easements from the formally established county road, and it appears from the circuit court's opinion that this includes the road across the property of the unnamed parties, which therefore is not subject to the public easement claimed by intervenor. In any event, the private rights of these landowners were not the basis of plaintiffs' appeal.

and does not resist the decision of that claim. We therefore do not remand the case in order to have the county or other necessary parties added to the declaration sought by intervenor.

We return to the question whether the committee could assert the "interest in the matter in litigation," ORCP 33C, of its members who claim actual use of the alleged public prescriptive easement. The committee says that it consists entirely of persons who share an interest in continued use of "804," as the committee's name implies. If the committee were a simple unincorporated association, these persons would have an interest in defending the prescriptive easement in plaintiff's action to have "804" declared vacated or abandoned. In *McCall v. Legislative Assembly,* 291 Or 663, 634 P2d 223 (1981), judicial review was available to "any qualified elector," and the court entertained the petition of individuals who were qualified to claim this personal right rather than of organizations appearing on behalf of the public or electors generally.[5] In the present case, the asserted interest by definition is not a private interest of separate individuals but a collective "public" interest in an easement or road created by and belonging to "the public." We see no reason why a claim that the law defines to be collective should not be collectively pursued in the name of an association if it is in fact an interest shared by the members of the association.

If an association has standing to pursue a collective interest of its members, it also makes little difference whether the association chooses to organize in the form of a nonprofit membership corporation, ORS 61.091, as intervenor has done. In either event, the underlying questions are, first, whether the asserted collective interest is one that the members themselves could pursue and second, whether the organization is representing the position of its members on the disputed issues. To repeat, in this case the asserted collective interest is

---

[5] Earlier, in *Marbet v. Portland Gen. Elect.,* 277 Or 447, 561 P2d 154 (1977), we noted that when an individual has permissibly been allowed to intervene, "nothing of legal importance hinges on the widespread practice of presenting viewpoints on public policy under some banner embroidered for the occasion." 277 Or at 454.

In *Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 415 P2d 21 (1966), a trade association of publishers was permitted to join some of its members in challenging a government regulation, but there plaintiffs' standing was challenged only on grounds that the regulation was addressed to advertisers rather than to newspapers.

defined as a "public" interest—a public easement—by the substantive law involved, so that only majority support of the membership for the organization's position could arguably become a matter of controversy; we do not deal with an organization's standing to represent the individual interests of some of its members, where the agreement or participation of those members might pose an additional question.[6]

Plaintiffs contend that the frequency of use or other evidence of interest on the part of intervenor's members is too tenuous to support the committee's representation of the members' collective interests, pointing to the fact that only eleven individual members testified in the trial court. We do not agree that this fact discredits the committee's assertion of the interest of its other members in the continued existence of "804" as a public road partly created by prescriptive use.

The decision of the Court of Appeals is affirmed.

---

[6] A legislative definition of organizational standing proposed as part of a comprehensive code of judicial review would allow a petition for review or to intervene by "[a]n organization, with 25 or more members, representing an identifiable interest of its members and asserting a position authorized by the organization, if the petition alleges an injury to that identifiable interest." HB 2256, § 7, 63rd Or Leg, Reg Sess (1985); see Safriet, *Judicial Review of Government Action: Procedural Quandaries and a Plea for Legislative Reform,* 15 Envtl L 217, 275 (1985).