Argued and submitted July 29, affirmed September 18, petition for review denied December 24, 1996 (324 Or 488)

## OREGON TAXPAYERS UNITED PAC,
*Appellant,*

*v.*

## Phil KEISLING,
*Respondent.*

### (93C-13664; CA A90002)

924 P2d 853

Gregory W. Byrne argued the cause and filed the briefs for appellant.

Rives Kistler, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Plaintiff is a political committee, organized to oppose what it regards as excessive taxation and to promote efficiency in state and local government. It initiated this action to obtain a declaration that certain statutes that require the disclosure of the identities of individuals who contribute to ballot measure campaigns are unconstitutional and also to obtain an injunction prohibiting defendant Secretary of State Phil Keisling from disclosing the names of plaintiff's members who contribute to measures it may support in the future. Plaintiff argued that the disclosure statutes violate the rights of its approximately 3,000 members to freedom of expression as guaranteed by both the state and federal constitutions, and that the requested injunction is necessary to protect its members from future retaliation after disclosure of their support of measures that are unpopular with competing interest groups. Defendant urged dismissal of plaintiff's lawsuit on the ground that the political action committee lacked standing to assert the constitutional rights of its members. It also opposed plaintiff's action on the merits. The trial court ultimately concluded that, although plaintiff has standing to assert the rights of its members, the disclosure statutes are constitutional. Plaintiff appeals. We conclude that plaintiff lacks standing and affirm on that basis, without reaching the merits of the appeal.

ORS 260.055 requires all political committees to keep "detailed accounts" that include, among other things, the name, occupation and address of each person who contributes more than $50 to a measure or to a candidate in a statewide race. Those accounts are subject to inspection by the treasurer of any political committee that becomes involved in the same electoral contest. *Id.* ORS 260.063 requires political committees to file with the office of the Secretary of State reports that show all contributions received and expenditures made in elections other than general elections. Those reports are to contain the same information concerning the name, occupation and address of contributors. ORS 260.083. ORS 260.073 requires the same information from political committees concerning contributions and expenditures in general elections.

Plaintiff initiated this action under the declaratory judgment statute, ORS 28.020, requesting that ORS 260.055, ORS 260.063 and ORS 260.073 be declared unconstitutional. Plaintiff alleged that all three statutes violate a variety of state and federal guarantees of freedom of expression and association. In six claims it alleged that the statutes violate those constitutional guarantees both facially and as applied to its individual members. Defendant answered and moved for summary judgment as to four of the six claims, including all those asserting a facial constitutional challenge. Plaintiff also moved for summary judgment on the same claims. The trial court granted defendant's motion and denied plaintiff's motion, and the case proceeded to trial on the two remaining "as-applied" claims.

At trial, counsel for plaintiff remarked in his opening statement:

"I'm not here to seek the vindication of the constitutional rights of Bill Sizemore or Oregon Taxpayers United as an organization. We're here to seek the vindication of the constitutional rights of these contributors, 3,000 strong."

Plaintiff then presented evidence of what it perceived to be reprisals suffered by a number of its members after it became public knowledge that they had supported causes that plaintiff had promoted. At the conclusion of the evidence, defendant argued that plaintiff lacked standing to assert the constitutional rights of its members. In oral argument on the motion, counsel for plaintiff reaffirmed that:

"It is our contention that such a requirement in the statute as applied to Oregon Taxpayers United violates the constitutional rights of our contributors * * *."

Plaintiff asserted that it had the right to represent the interests of those members. It acknowledged that no Oregon case has recognized the right of an organization such as a political committee to bring a declaratory judgment action on behalf of its members, but it argued that it still should be allowed to do so. The trial court issued a letter opinion in which it concluded that plaintiff "has standing to assert the constitutional rights of its contributors." The court then concluded that plaintiff had, however, failed to establish the unconstitutionality of the statutes as applied to those members.

■ On appeal, plaintiff argues that the trial court erred in failing to declare the challenged statutes to be unconstitutional, both facially and as applied to its members. Defendant responds that the judgment of the court should be affirmed, but on the ground that plaintiff lacks standing to assert the rights of its members. Defendant also supports the trial court's decision on the merits.

Shortly before oral argument, the Supreme Court issued its opinion in *Local No. 290 v. Dept. of Environ. Quality*, 323 Or 559, 919 P2d 1168 (1996), in which the court held that the state Administrative Procedures Act (APA) does not authorize a union to bring a petition for judicial review on behalf of its members. We allowed the parties' request for additional briefing on the relevance of that decision to the question of plaintiff's standing to assert the rights of its members in this case.[1] Defendant asserts that *Local No. 290* demonstrates that, unless the statute under which a plaintiff brings an action authorizes "representational standing," the court cannot permit an organization to invoke the authority of the court on behalf of its members. In plaintiff's view, *Local No. 290* simply does not apply to this case, which arises under the declaratory judgment statute and not the APA. According to plaintiff, its "standing and right to raise the constitutional claims of its members is beyond dispute." In any event, plaintiff argues, it has direct standing "by the chilling effect the statutes have on potential contributors."

In *Local No. 290*, the Supreme Court explained that whether an organization has standing depends upon whether the statute under which the organization brings suit allows it to do so. It is, thus, a question of statutory construction, which involves ascertaining the legislature's intentions in accordance with the interpretive principles set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In *Local No. 290*, a union petitioned for judicial review of an agency action pursuant to ORS 183.484, which provides that a "petitioner" who has been "adversely

---

[1] Also before oral argument, defendant requested that we take judicial notice of certain contribution and expenditure reports that plaintiff had filed since the issuance of the judgment. Plaintiff opposed the motion. In the light of our disposition of this case on standing grounds, we need not rule on that motion.

affected or aggrieved" by an agency's order issued in other than a contested case may seek such review in the circuit court. The union brought the action on behalf of its members, challenging the validity of certain air and water discharge permits issued by the Department of Environmental Quality to two local businesses. The union conceded that it was not itself "adversely affected or aggrieved" by the issuance of the permits and that it was instead challenging the issuance of the permits on behalf of its members.

The Supreme Court held that the union lacked standing to assert the interests of its members in its petition for judicial review. Applying the interpretive principles of *PGE*, the court looked to the text and context of the statute and found dispositive evidence of the legislature's intentions with respect to the union's asserted "representational standing":

> "ORS 183.484 makes no mention of 'representational' standing, and the statutory context does not support such an inference. Indeed, that statute requires that the person bringing the petition show how *that person* is adversely affected or aggrieved. We are admonished not to add to a statute words that the legislature has omitted. In order to grant standing to the Union in these cases, we would have to violate that tenet of statutory construction, by adding a provision that a petition is sufficient if, although the *petitioner* is neither adversely affected nor aggrieved, the petitioner claims to be acting *on behalf* of another person who *does* meet one of those two criteria. It follows that, on the basis of the first-level inquiry under *PGE*, the legislative intent behind the standing provision in ORS 183.484 is clear."

*Local No. 290*, 323 Or at 567 (citations omitted; emphasis in original).

With the foregoing principles in mind, we turn to the statute on which plaintiff relies in this case, examining first the text and context. ORS 28.020 provides that "[a]ny person * * * whose rights, status or other legal relations are affected" by a statute may obtain a declaration as to his or her rights under that statute. As in *Local No. 290*, the text of the statute makes no mention of "representational standing." Indeed, the statute in this case requires that the person bringing the

action be "affected" by the statute that is the subject of its challenge. Thus, as in *Local No. 290,* to read the statute to permit plaintiff to assert the rights of its members would require us to insert language into the statute that the legislature, whether by design or by default, has not included. We lack authority to do that. ORS 174.010; *Fernandez v. Board of Parole,* 137 Or App 247, 252, 904 P2d 1071 (1995).

Plaintiff insists that the Supreme Court has, in fact, acknowledged "representational standing" under the declaratory judgment statute in three prior decisions, *Rendler v. Lincoln Co.,* 302 Or 177, 728 P2d 21 (1986), *Oregon State Police Assn. v. State of Oregon,* 308 Or 531, 783 P2d 7 (1989), cert den 498 US 810 (1990), and *Automobile Club v. State of Oregon,* 314 Or 479, 840 P2d 674 (1992). None of those decisions advances plaintiff's argument.

*Rendler* involved a special proceeding to determine whether a road had been abandoned. A "committee" of interested landowners petitioned to intervene, and the question presented was whether ORCP 33 C countenanced the intervention of an organization asserting the collective interests of all of its members. The Supreme Court held that it did. The court did not address whether an organization has standing to initiate a declaratory judgment action in the first instance on behalf of its members. Interestingly, *Rendler* was urged as a basis for upholding "representational standing" under the APA in *Local No. 290.* The Supreme Court confirmed the limited nature of the holding in *Rendler* that we have just described:

> "The decision was based on the discretionary standard in ORCP 33 C that permits a trial judge to allow intervention in a case by a 'person who has an interest in the matter.' So understood, it does not inform the present inquiry."

*Local No. 290,* 323 Or at 566. Nor, for the same reason, does *Rendler* inform our inquiry in this case.

In *Oregon State Police Assn.,* an association and one of its officers sued for a declaration that a statute was unconstitutional. The issue of the standing of the organization was neither raised by the parties nor addressed by the court.

*Automobile Club* was an original proceeding before the Supreme Court in which the Automobile Club of Oregon and an individual business challenged the constitutionality of a statutory underground storage tank assessment. In a footnote, the Supreme Court did say that the club had standing. We are nevertheless unpersuaded that the decision compels acknowledgment of plaintiff's standing in this case. To begin with, the case did not arise under the declaratory judgment statute, and, as the court cautioned in *Local No. 290,*

> "[w]hen it is ruling on a standing issue, a reviewing court must focus on the wording of the particular statute at issue, because standing is not a matter of common law but is, instead, conferred by the legislature."

*Local No. 290,* 323 Or at 566. Moreover, the court's footnote in *Automobile Club* was *dictum.* The issue of the club's standing had not been raised by any party to the proceeding. Finally, and perhaps most important, in remarking that the club did have standing, the court expressly relied on its earlier decision in *Rendler.* The court has since disavowed reading *Rendler* more broadly than its particular facts; as we have noted, after *Local No. 290,* reliance on *Rendler* as a basis for recognizing a plaintiff's "representational standing" under a different statute can no longer be regarded as correct.

■ Given that ORS 28.020 does not allow an organization to assert the rights of its members, the disposition of this case is not difficult. Plaintiff repeatedly acknowledged that it is not attempting "to seek the vindication of the constitutional rights of * * * Oregon Taxpayers United as an organization." Instead, it is attempting "to seek the vindication of the constitutional rights of [its] contributors, 3,000 strong."

■ Plaintiff does make a belated attempt to assert its direct standing, based on the "chilling effect the statutes have on potential contributors." Even assuming that we are at liberty to ignore plaintiff's earlier, categorical disavowals of any direct interest in the lawsuit, plaintiff's argument fails. First, plaintiff relies on a "chilling effect" on *its members.* Plaintiff makes no argument that its own constitutional rights are affected adversely by the statutes that it challenges in this action. Second, that plaintiff is affected in some

manner by the challenged statute does not give it the right to contend for the vindication of anyone's rights but its own. Plaintiff has never contended for its own rights in this case. Even in its post-argument briefing it steadfastly clings to its assertion that it is entitled "to raise the constitutional claims of its members." The declaratory judgment statute affords a person affected by a statute to seek a declaration of that person's own rights under that statute, not the rights of others. *See Eacret et ux v. Holmes*, 215 Or 121, 125, 333 P2d 741 (1958) ("[t]here is no case for declaratory relief where the 'plaintiff seeks merely to vindicate a public right * * *' " (citations omitted)). We conclude, therefore, that plaintiff lacks standing to assert the constitutional claims of its members in this case, and for that reason the trial court's entry of judgment for defendant was not error.

Affirmed.