Argued and submitted November 21, 1996, reversed and remanded with instructions September 17, 1997

OREGON AFSCME
(AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES) COUNCIL 75,
a labor organization,
and Ann M. Hennessey,
*Respondents,*

*and*

OREGON NURSES ASSOCIATION,
*Intervenor-Respondent,*

*v.*

STATE OF OREGON,
DEPARTMENT OF ADMINISTRATIVE SERVICES,
and Theodore Kulongoski,
Attorney General,
*Appellants.*

(95C-11256; CA A89507)

945 P2d 102

Michael C. Livingston, Assistant Attorney General, argued the cause for appellants. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Barbara J. Diamond argued the cause for respondents. With her on the brief were Margaret S. Olney and Smith, Gamson, Diamond & Olney.

James W. Kasameyer argued the cause for intervenor-respondent. With him on the brief were Pamela D. Quinlan and Carney, Buckley, Kasameyer & Hays.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendants Department of Administrative Services (DAS) and the Attorney General appeal a judgment granting declaratory relief to plaintiffs Oregon AFSCME and Ann Hennessy and intervenor Oregon Nurses Association (ONA) (plaintiffs). We determine that the trial court lacked jurisdiction to entertain the declaratory judgment proceeding and, accordingly, reverse and remand.

As an "accrued benefit," the state provides employees with eight hours of "sick leave with pay" each month. In March 1995, Mark Haas, a reporter for KATU-TV, made a public records request to DAS. He sought to identify state employees who were "major users of sick leave" and requested the names, titles, and work stations of all state employees who had used 240 hours or more of sick leave between April 1994 and March 1995. DAS asked the Attorney General whether the request was subject to disclosure under the Public Records Act, and the Attorney General advised that the information was not exempt. DAS then compiled a list of all employees in each agency who had used more than 240 hours of sick leave. In April, DAS sent the list to agency personnel officers and explained that the employee's name, class title, agency and number of sick leave hours would be provided to Haas.

After persons on the list were advised of the release of their names, some, including Hennessy, contacted AFSCME for help. This action followed. In their complaint, plaintiffs challenged the decision to disclose the information and sought declaratory and injunctive relief under ORS 28.010. Plaintiffs did not name Haas, the requestor of the information, as a defendant, and he was not involved in the action. In their answer, defendants asserted, *inter alia*, the affirmative defense that plaintiffs' claims are not justiciable and also that plaintiffs had failed to make an individualized showing to DAS that disclosure of the information would constitute an unreasonable invasion of privacy.

ONA moved to intervene as a plaintiff pursuant to ORCP 33 alleging that "unless enjoined Defendants will release personal sick leave information concerning ONA

members[.]" At the preliminary injunction hearing, the trial court allowed ONA's motion. The parties agreed that the hearing would not be limited to whether a preliminary injunction should issue but would be a trial on the merits of the complaint.

Following the hearing, the trial court entered the judgment granting declaratory relief, declaring and ordering that

"1.  Sick leave records with the name, title, work station and hours used of any employees who used 240 or more hours of sick leave during the period * * * are exempt from disclosure, pursuant to ORS 192.502(2);

"2.  All claims against the Attorney General are dismissed.

"3.  All other claims for relief are dismissed as moot."

On appeal, defendants challenge the trial court's ruling that the sick leave records with names, title and work stations are exempt from disclosure under ORS 192.502(2). That statute provides:

"The following public records are exempt from disclosure * * *:

"* * * * *

"(2)  Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy."

Defendants argue that the information to be disclosed, which contains no medical information about the employees or their families, is not exempt. Alternatively, defendants contend that, even assuming that under certain circumstances the information that an individual had used more than 240 hours of sick leave could come within the exemption, the court erred in applying a "blanket exemption to *all* such state employees, absent an individualized showing of justification for an exemption in each case. *See Guard*

*Publishing Company Co. v. Lane County School Dist.*, 310 Or 32, 791 P2d 854 (1990)." (Emphasis defendant's.)

Plaintiffs respond that revealing that an employee has been absent on sick leave for more than 240 hours is a disclosure of personal information that either the employee or a loved one has been ill and that, in our society, such information is considered private. Plaintiffs contend, thus, that individual sick leave information should be considered *per se* private and that its disclosure is always an unreasonable invasion of privacy.

■    We do not reach the merits of the parties' arguments. In order for a court to entertain an action for declaratory relief under ORS chapter 28, the complaint must present a justiciable controversy—that is, an actual and substantial controversy between parties having adverse legal interests that results in specific relief through a binding decree. *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982). The trial court here ruled against defendants' affirmative defense that plaintiffs had not presented a justiciable controversy.[1] On appeal, defendants do not assign that ruling as error. They explain:

> "[A] court has no authority in an action for declaratory and injunctive relief permanently to enjoin an agency from disclosing a public record, based on the provisions of ORS 192.502. However, that is not what the trial court did in this case. For that reason, and because the record includes the stipulated testimony of a Department of Administrative Services administrator that the department would not disclose the sick-leave records if the trial court determined they were exempt, the state does not assign as error the trial court's ruling [of the existence of a justiciable controversy]."

As we understand that explanation, defendants conclude that, irrespective of plaintiffs' failure to allege an actual and

---

[1] Plaintiffs also sought judicial review of the state's decision under ORS 183.484, which provides for review in circuit court of agency orders in other than contested cases. Only plaintiffs' declaratory judgment claim based on ORS 192.502(2) is before us in this appeal. Neither party presents any issue relating to the dismissal of the ORS 183.484 claim, and there is also no argument on appeal as to plaintiffs' allegations that the records were private under ORS 192.502(7) and ORS 192.496(1) as medical information.

substantial controversy in the complaint, the court's judgment has created such a controversy.

█ However, we must examine jurisdictional issues on our own motion. *Ackerley v. Mt. Hood Comm. College*, 51 Or App 801, 804 n 1, 627 P2d 487, *rev den* 291 Or 309 (1981). Without an actual controversy, a court is called on to render an advisory opinion, which courts cannot do in the absence of constitutional authority, *Oregon Cry. Mfgs. Ass'n v. White*, 159 Or 99, 109, 78 P2d 572 (1938). Accordingly, courts do not have jurisdiction to entertain a declaratory judgment action in the absence of a justiciable controversy between the parties. *Cummings Constr. v. School Dist. No. 9*, 242 Or 106, 408 P2d 80 (1965). Jurisdiction is determined in the first instance from the complaint. *Dean et al v. First Nat'l Bank et al*, 217 Or 340, 349, 341 P2d 512 (1959). If a justiciable controversy does not exist, neither the terms of a trial court's judgment nor a stipulation that someone will comply with the judgment creates it. *See Barcik v. Kubiaczyk*, 321 Or 174, 186, 895 P2d 765 (1995) (justiciability cannot be conferred by stipulation or consent of the parties); *Rahoutis v. Unemployment Commission*, 171 Or 93, 105, 136 P2d 426 (1943) (jurisdiction to render a declaratory judgment cannot be conferred by stipulation).

█ The Supreme Court has construed ORS 28.110 to require joinder of all affected interests in order to yield jurisdiction to enter a declaratory judgment. *Stanley, Adm. v. Mueller*, 211 Or 198, 202, 315 P2d 125 (1957) (unless all persons who have an interest which would be affected by the declaration are parties to the proceeding, there is no justiciable controversy); *Wright v. Hazen Investments, Inc.*, 293 Or 259, 264, 648 P2d 360 (1982); *Hudson v. Feder*, 115 Or App 1, 836 P2d 779, *rev den* 314 Or 727 (1992). Here, plaintiffs sought a declaration that certain public records were exempt under the Public Records Act.[2] Therefore, the determination of

---

[2] Plaintiffs alleged, *inter alia*:

"10. Members of the bargaining units represented by AFSCME, including Plaintiff Ann M. Hennessey, will be irreparably harmed by the release of their sick leave usage information. Some of the affected employees are disabled.

"* * * * *

"12. Under the Oregon Public Records Act, 'personal' information in the hands of the State is exempt from disclosure [under] ORS 192.502(2)[.]

whether plaintiffs have alleged a justiciable controversy joining all affected interests must be determined under the provisions of the Act.

■ The right to inspect public records belongs to "every person." ORS 192.420. Apart from the exception in ORS 192.445, The Public Records Act requires an agency to disclose records unless a statutory exemption unequivocally applies.[3] *Guard Publishing Co.*, 310 Or at 37. Those exemptions are construed narrowly in a manner to further the general rule allowing disclosure. *Id.*[4] If the public body denies the request to disclose, the Act sets out procedures whereby the requestor can challenge that decision. ORS 192.450 to ORS 192.490. *See Guard Publishing Co.*, 310 Or at 38.[5]

■ As noted, jurisdiction over a declaratory judgment proceeding requires joinder of all affected parties. Here, plaintiffs ask that the records sought by Haas be declared exempt and enjoined from disclosure. Under ORS chapter 192, Haas has a right to put on proof in order to defeat plaintiffs' claimed exemption. *See Guard Publishing Co.*, 310 Or at

---

"13. Release of medical information such as sick leave usage would result in an unreasonable invasion of employee privacy under ORS 192.502(2), *supra.* The release of this information is tantamount to revealing that some employees have suffered from disabling conditions or illnesses. As a consequence, the information the State seeks to disclose is exempt from disclosure under the Oregon Public Records Act."

[3] ORS 192.445 provides an exception. It provides that, in certain circumstances, an individual may submit a written request that a public body not disclose a public record that indicates the individual's home address or personal telephone number. If the public body is satisfied that disclosure of that information would endanger the individual or a family member, the public body shall not disclose the public record.

[4] Even if information is exempt, ORS 192.502 does not prohibit disclosure. *Guard Publishing Co.*, 310 Or at 38 n 6. The agency has the discretion to decide whether to disclose the records. *Jordan v. MVD*, 308 Or 433, 444, 781 P2d 1203 (1989) (Gillette, J., concurring).

[5] Under ORS 192.445, the right to request nondisclosure is given to "an individual" not a person which, under ORS 192.410(2) includes "any natural person, corporation, partnership, firm or association." Apart from ORS 192.445, the Act does not provide procedures for a person or individual to petition the agency to withhold disclosure. However, the Supreme Court has construed the Act as permitting an individual to claim an exemption from disclosure. *Guard Publishing Co.*, 310 Or at 37 ("An individual claiming an exemption from disclosure must *initially show* a public body that the exemption is legally and factually justified." (Emphasis in original.)).

38 (a party seeking disclosure may defeat a claimed exemption by showing by a preponderance of the evidence that the record is not personal or that disclosure would not constitute an unreasonable invasion of privacy). Because a judgment granting plaintiffs their requested relief affects the interest of Haas in obtaining disclosure, the failure to join him deprived the trial court of jurisdiction to entertain the declaratory judgment proceeding.

We reverse and remand with instructions to dismiss the complaint unless Haas is joined as a party within a time to be set by the trial court. *See Wright*, 293 Or 266; *Futrell v. Wagner*, 96 Or App 27, 33, 771 P2d 292, *rev den* 308 Or 158 (1989).

■ We must, however, also raise an additional possible jurisdictional issue. Here, AFSCME and ONA seek relief on behalf of their members. Whether they have a right to do so in this declaratory judgment proceeding is a matter of statutory interpretation. *See Local No. 290 v. Dept. of Environ. Quality*, 323 Or 559, 566, 919 P2d 1168 (1996) ("When it is ruling on a standing issue, a reviewing court must focus on the wording of the particular statute at issue, because standing is not a matter of common law but is, instead, conferred by the legislature."). In *Oregon Taxpayers United PAC v. Keisling*, 143 Or App 537, 543, 924 P2d 853, *rev den* 324 Or 488 (1996), decided after oral argument in this case, we held that ORS 28.010 did not permit the plaintiff political action committee to assert the rights of its members in a declaratory judgment proceeding. In so holding, we relied on *Local No. 290*, in which the Supreme Court held that a labor union did not have "representational standing" under the Administrative Procedures Act. The Supreme Court distinguished the "representational standing" it had upheld in *Rendler v. Lincoln Co.*, 302 Or 177, 728 P2d 21 (1986), as based on the discretionary standard in ORCP 33 C that permits a trial judge to allow intervention. *Local No. 290*, 323 Or at 566.

■ Here, AFSCME is an original plaintiff; ONA intervened without objection. No party has raised a standing issue. However, a plaintiff's standing is germane to whether a justiciable controversy exists. *Budget Rent-A-Car v. Multnomah Co.*, 287 Or 93, 95, 597 P2d 1232 (1979); *NW Alliance*

*for Market Equality v. Tri-Met,* 85 Or App 26, 29, 735 P2d 1236 (1987). Because we remand, we leave to the parties to address in the first instance the standing issues that may have been raised by *Local No. 290* and *Oregon Taxpayers*.

Reversed and remanded with instructions.